Board of Mgrs. of the 411 E. 53rd St. Condominium v Faracco (2022 NY Slip Op 00717)





Board of Mgrs. of the 411 E. 53rd St. Condominium v Faracco


2022 NY Slip Op 00717


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 150263/19 Appeal No. 15223 Case No. 2021-00074 

[*1]Board of Managers of the 411 East 53rd Street Condominium Acting on Behalf of the Unit Owners of the 411 East 53rd Street Condominium, Plaintiff-Respondent,
v
John Faracco, Defendant-Appellant, Thomas Marron, et al., Defendants.


Charles Wallshein, PLLC, Melville (Charles Wallshein of counsel), for appellant.
Seyfarth Shaw LLP, New York (Jerry A. Montag of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 8, 2020, insofar as appealed from as limited by the briefs, awarding plaintiff attorneys' fees against defendant John Faracco, unanimously affirmed, with costs.
The court providently exercised its discretion in awarding plaintiff attorneys' fees without a hearing (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24 [1st Dept 2009]). That branch of plaintiff's motion to confirm the underlying referee's report that sought an award of attorneys' fees was supported by an affirmation of counsel detailing the work performed and invoices properly considered as business records (see id.; see also Abe v New York Univ., 190 AD3d 543, 543 [1st Dept 2021]). Defendant did not timely oppose the motion, but moved separately for a hearing. That motion was properly denied as a belated attempt to oppose plaintiff's motion and because defendant's conclusory claim that a hearing was needed was insufficient to raise an issue of fact (see generallyBankers Fed. Sav. Bank FSB v Off W. Broadway Devs., 224 AD2d 376, 378 [1st Dept 1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022